PER CURIAM:
*169 Claimant brought this action for vehicle damage which occurred when his 2008 Mercedes Benz struck a hole while claimant’s wife, Janet Donahue, was driving on the Mileground, designated as U.S. Route 119, in Morgantown, Monongalia County. U.S. Route 119 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred between 8:00 a.m. and 8:15 a.m. on March 19,2008. U.S.Route 119 is a three-lane road with twelve foot wide lanes. At the time of the incident, Janet Donahue was driving from the airport towards W.Va. Route 705. As she was driving in rainy conditions at approximately twenty miles per hour, her vehicle struck a hole located near the Monro Muffler shop. She testified that the hole was approximately six inches deep. Since the hole was covered with water, she did not see it before her vehicle struck it. Although Ms. Donahue travels this road on a daily basis, she did not notice the hole on the day prior to this incident. The claimant testified that water drains onto the roadway in the area where this hole formed. As a result of this incident, claimant’s vehicle sustained damage to its passenger front and rear tire in the amount of $342.42. Claimant’s insurance deductible is $1,000.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 119. Kathy W estbrook, Highway Administrator for respondent in Monongalia County, stated that there are approximately 17,000 to 19,000 vehicles that travel on this road each day. Ms. Westbrook did not have any DOT12s, or daily work reports, regarding this particular hole on Route 119. She testified that the hole could have developed within a twenty-four hour period due to the freezing and thawing that can cause deterioration on the roadway.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep't of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $342.42.
Award of $342.42.